**Not for Publication**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| WELLS FARGO BANK, N.A., *Plaintiff*, v. SONIA WASHINGTON, et al., *Defendants*. | Civil Action No. 23-617 **OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

Presently before the Court is a motion to dismiss filed by Defendant Wells Fargo Bank, N.A. ("Wells Fargo").[1] Wells Fargo seeks to dismiss the matter pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). D.E. 7. *Pro se* Plaintiffs Sonia and Stephanie Washington filed documents after Wells Fargo filed the instant motion, which the Court construes as their opposition to the motion. D.E. 8, 9. The Court reviewed the parties' submissions and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, Wells Fargo's motion is **GRANTED** and this matter is **DISMISSED**.

---

[1] It appears that Sonia Washington also filed suit in the Superior Court of New Jersey on January 27, 2023, before filing the Complaint in this matter. D.E. 1 at 1. As a result, the Clerk's Office docketed the Complaint as a removal. However, because Sonia and Stephanie Washington seek affirmative relief from this Court, the Court refers to Sonia and Stephanie Washington as Plaintiffs and Wells Fargo as Defendant.

I. **FACTUAL BACKGROUND & PROCEDURAL HISTORY**

On January 30, 2023, Sonia Washington filed a document entitled "Emergent Hearing," which that Court construes as the Complaint. D.E. 1 ("Compl."). While not clear, Plaintiffs seem to ask this Court to review a foreclosure action and the resulting eviction proceedings. *See* Compl. at 8. Plaintiffs also appear to seek a stay of the state court proceedings. *Id.* at 14. Plaintiffs do not appear to assert any affirmative claims outside of these requests.

As for the state court proceedings, in 2013, Wells Fargo initiated foreclosure proceedings against Plaintiffs in the Superior Court of New Jersey, Passaic County. Bender Cert, Ex, 1. Final judgment was entered in 2015. *Id.*, Ex. 3. In 2019, the foreclosure action proceeded to a Sheriff's sale and the property was sold to a third-party bidder. The bidder completed the sale and a Sheriff's deed was issued in 2019. Compl., Exs. 12-14; D.E. 1-4. Plaintiffs challenged the Sheriff's sale and filed separate collateral attacks in state and federal court. Plaintiffs' attempts were unsuccessful, and the judge scheduled eviction for February 11, 2020. Compl., Ex. A, D.E. 1-2; Bender Cert., Exs. 5--7. The eviction, however, did not take place as scheduled because of the COVID-19 pandemic. Thus, on January 17, 2023, Wells Fargo filed a motion to reinstate the eviction. D.E. 1-2. This matter followed.

After Plaintiffs filed the Complaint in this Court, Wells Fargo filed the instant motion. Defendant seeks to dismiss the matter, or in the alternative, remand it to state court based on procedural defects with purported removal. D.E. 7.

II. **STANDARD OF REVIEW**

In deciding a Rule 12(b)(1) motion for lack of subject matter jurisdiction, a court must first determine whether the party presents a facial or factual attack, because the distinction determines how the pleading is reviewed. *Elbeco Inc. v. Nat'l Ret. Fund*, 128 F. Supp. 3d 849, 854 (E.D. Pa.

2015) (internal quotation marks and citation omitted).  A facial attack "contests the sufficiency of the complaint because of a defect on its face," whereas a factual attack "asserts that the factual underpinnings of the basis for jurisdiction fails to comport with the jurisdictional prerequisites." *Id*.  Here, Defendant relies on the Complaint and several documents from the state court matter and related proceedings.  Accordingly, Defendant raises a factual attack.  For a factual attack, a court may "review evidence outside the pleadings" to determine whether subject matter jurisdiction exists.  *U.S. ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007). Moreover, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed materials facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."  *Mortensen v. First Fed. Savings & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

**III.    ANALYSIS**

Amongst other things, Wells Fargo maintains that this Court lacks subject matter jurisdiction because of the *Rooker-Feldman* doctrine.  Def. Br. at 7-10.  The *Rooker-Feldman* doctrine precludes "federal courts from mistakenly relying on their original jurisdiction to engage in appellate review of state court orders."  *Merritts v. Richards*, 62 F.4th 764, 774 (3d Cir. 2023). The doctrine applies when four elements are met: (1) the federal plaintiff lost in a state court judicial proceeding; (2) the plaintiff is complaining of injuries caused by the state-court judgment; (3) the state court judgments were rendered before the federal suit was filed; and (4) the plaintiff must invite the district court to review and reject the state judgment.  *Id.*  If all four conditions are satisfied, the matter must be dismissed for lack of jurisdiction.  *Id.*

The four conditions are satisfied here.  As discussed, the foreclosure judgment was entered in 2015.  Plaintiffs made numerous attempts to challenge this judgment, but their time to appeal

3

has long since expired. Plaintiffs clearly initiated this matter after final judgment was entered in state court. Next, while not entirely clear, Plaintiffs appear to ask this Court to stop the eviction proceedings that stem from the foreclosure judgment. Thus, Plaintiffs are complaining of injuries caused by the state court judgment and explicitly ask this Court to review the state court's actions. Consequently, the *Rooker-Feldman* doctrine applies and divests this Court of subject matter jurisdiction. *See, e.g.*, *Otto v. Wells Fargo Bank, N.A.*, 693 F. App'x 161, 163 (3d Cir. 2017) ("To the extent that Otto's complaint can be read to include a request for the District Court to overturn or negate the state court judgment of foreclosure, we agree that the Rooker-Feldman doctrine bars the suit.").[2]

## V.    CONCLUSION

For the reasons stated above, and for good cause shown,

It is on this 16th day of August 2023 hereby

**ORDERED** that Defendant's motion to dismiss (D.E. 7) is **GRANTED** and the Complaint is **DISMISSED** in its entirety[3]; and it is further

---

[2] Even if the Court had subject matter jurisdiction, it could not grant Plaintiffs' requested relief. Again, Plaintiffs appear to seek a stay of the state court matter so this Court can review the state court proceedings. The Anti-Injunction Act bars such a request. *See* 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction or effectuate its judgments."); *see also Mestman v. Runaway Beach Condo. Assoc.*, No. 21-16529, 2021 WL 4848602, at *2 (D.N.J. Sept. 14, 2021) (explaining that the Anti-Injunction Act barred the plaintiff's request to stay state court foreclosure proceedings).

[3] Usually, when a Court determines that it lacks subject matter jurisdiction over a case that was removed from state court, the Court remands the matter. *See* 28 U.S.C. § 1447(c). But because the Court construes D.E. 1 as a pleading, it will dismiss the matter. No notice of removal was filed in this case.

**ORDERED** that the Clerk's Office shall deliver a copy of this Opinion & Order to *pro se* Plaintiffs Sonia and Stephanie Washington by regular mail and by certified mail return receipt; and it is further

**ORDERED** that the Clerk's Office shall close this matter.

_____
John Michael Vazquez, U.S.D.J.